```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA


KATHLEEN F. CIERI and
THOMAS CIERI                          :         CIVIL ACTION
                                      :
          v.                          :
                                      :
ROBERT LUBY and                       :         NO. 02-4610
STRYKER CORPORATION                   :
```

## ORDER TO SHOW CAUSE

AND NOW, this     day of July, 2002, IT IS HEREBY ORDERED that the defendants shall explain to this Court, by August 12, 2002, why this case should not be remanded to the Court of Common Pleas of Lehigh County in view of the fact that both the plaintiffs and Robert Luby are Pennsylvania citizens.

The defendants removed this case based on diversity of citizenship. They state in their notice of removal that Luby is not an indispensable party to the civil action. This statement is insufficient to satisfy the defendants' burden to prevent remand.

Where a case removed based on diversity contains non-diverse parties on opposing sides, a court must evaluate whether remand is appropriate. Different analyses are called for depending on when the non-diverse defendants were joined. When a non-diverse party was joined as a defendant in the state action, then "in the absence of a federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was

fraudulently joined." Batoff v. State Farm Ins., 977 F.2d 848, 851-2 (3d Cir. 1992). The burden on the defendant is heavy, because "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Id. (citations omitted).

On the other hand, "when a plaintiff seeks to force remand of a properly removed case by the addition of a non-diverse defendant", a court looks to whether that party is indispensable in determining whether to remand. This inquiry is more stringent on the plaintiff than when joinder occurs pre-removal, because of the "long-settled (and salutary) policy that a plaintiff cannot artificially force a retreat to the first (state) forum by embarking purposefully on post-removal steps designed exclusively to foster remand." Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006, 1012 n.6 (3d Cir. 1987).

Luby was made a defendant in the state case before it was removed. To prevent remand, the defendants must thus demonstrate that the joinder was fraudulent. The statement that Luby is not indispensable is insufficient. Joinder is considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendants or seek a joint judgment." Batoff, 977 F.2d at 852 (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir.

1990)).  "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants," the case must be remanded.  Batoff, 977 F.2d at 851 (citation omitted).  The Court analyzes the complaint at the time of removal, assumes all factual allegations as true, and resolves any uncertainties in the state of controlling law in favor of the plaintiff.  Id.

BY THE COURT:

_____
MARY A. McLAUGHLIN,   J.